# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD WARRICK** | : | CIVIL ACTION |
| | : | NO. 18-1952 |
| v. | : | |
| | : | |
| **EMPIRE FIRE AND MARINE** | : | |
| **INSURANCE COMPANY** | : | |

## MEMORANDUM

Plaintiff Richard Warrick brings an action for breach of contract and bad faith against Defendant Empire Fire and Marine Insurance Company for denying his claim of underinsured motorist coverage following an accident in November 2016 with an allegedly underinsured motorist. Plaintiff claims that Defendant is liable to Plaintiff based on Plaintiff's purchase of Supplemental Liability Protection from Enterprise Leasing Company of Philadelphia, LLC, to whom Empire Fire and Marine Insurance Company issued an excess policy.

## I. BACKGROUND

Plaintiff was driving a vehicle that he rented from Enterprise Leasing Company of Philadelphia, LLC ("Enterprise") when a non-party tortfeasor struck the rental vehicle. ECF No. 10-5, 10-6. Plaintiff has alleged that this non-party tortfeasor was underinsured. Compl. at ¶ 5. When Plaintiff rented the vehicle from Enterprise, he purchased Supplemental Liability Protection ("SLP"), which

included excess liability coverage through a Supplemental Rental Liability policy ("Empire Excess Policy") issued by Defendant Empire Fire and Marine Insurance Company ("Empire") to Enterprise Holdings, Inc. ECF No. 10-7. The Empire Excess Policy is provided in excess to the minimum financial responsibility limits that are required by the self-insurance of Enterprise Leasing Company of Philadelphia, LLC pursuant to 75 Pa. C.S. §§ 1702, 1711, 1787. ECF No. 10-6 at 1, 4 ¶ 18. Furthermore, as stated in Enterprise's rental agreement that Plaintiff signed, the SLP that Plaintiff purchased "exlu[ded]: . . . [a]ny loss arising out of . . . bodily injury, death or property damage sustained by" the renter, as well as "[a]ny liability arising out of or benefits payable under any[] uninsured or underinsured motorist law, in any state." ECF No. 10-6 at 4, ¶ 18.

After the accident, Plaintiff made a claim against Empire for underinsured motorist benefits pursuant to the SLP he purchased in conjunction with the Enterprise rental agreement. ECF No. 10-3 at 10. Empire denied this claim after concluding there was no uninsured or underinsured motorist coverage under the applicable policy. ECF No. 1 at 10; ECF No. 10-10. After the underinsured motorist claim was denied, Plaintiff brought this action alleging Empire breached its contract with Plaintiff and denied in bad faith Plaintiff's underinsured motorist claim. See ECF No. 1, 10-5.

## II. STANDARD

Summary judgment "is appropriate where the moving party has established 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Burton v. Teleflex, Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it might affect the outcome of the suit under the governing law." *Id.* When reviewing a motion for summary judgment, the court views "the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Id.* "[T]he non-moving party must present more than a mere scintilla of evidence" and must present evidence on which a jury could reasonably find for that party. *Id.* (internal quotation and citation omitted). Additionally, "[s]ummary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Wright v. Corning*, 679 F.3d 101, 105 (3d Cir. 2012) (internal quotation and citations omitted).

## III. DISCUSSION

Plaintiff failed to show how Empire's policy with Enterprise, the Empire Excess Policy, would require Empire to insure Plaintiff for an underinsured

motorist claim. As there is no genuine dispute as to any material fact, Defendant is entitled to judgment as a matter of law.

A. <u>The SLP Specifically Excludes Underinsured Motorist Coverage</u>

The only policy at issue is the Empire Excess Policy, which is a policy issued by Empire to Enterprise Holdings, Inc., which provides excess coverage to Plaintiff through his purchase of the SLP. However, this policy explicitly excludes coverage to injury of the renter him or herself and plainly states that it will not cover an underinsured motorist claim.

The Enterprise rental agreement that Plaintiff signed stated that the optional SLP "exlu[ded]: . . . [a]ny loss arising out of . . . bodily injury, death or property damage sustained by" the renter, as well as "[a]ny liability arising out of or benefits payable under any[] uninsured or underinsured motorist law, in any state; or [] first party benefit law, medical payments, no-fault or any law similar to the foregoing, in any state." ECF No. 10-6 at 4, ¶ 18. Furthermore, the provisions of the Empire Excess Policy explain that:

> "In addition to the exclusions contained in the 'underlying insurance', this insurance does not apply to the following: . . . 5. **Liability arising out of or benefits payable under any insured or underinsured motorists law, in any state.** 6. Liability arising out of or benefits payable under any first party benefit law, medical payments, no-fault law or any similar law to the foregoing, in any state.
> ECF No. 10-10.

As Empire specifically excluded coverage for underinsured motorist claims under the SLP, Plaintiff's claims for breach of contract and bad faith are unfounded.

B. <u>The Empire Excess Policy Is an Excess Policy and Thus Not Required to Offer Underinsured Motorist Coverage</u>

Plaintiff argues that, even if Empire had specifically disclaimed underinsured motorist coverage, Empire was required under the law to provide underinsured motorist coverage if it did not disclaim such underinsured motorist coverage as provided by the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. § 1731. The MVFRL states:

> (a) Mandatory Offering: No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, **unless uninsured motorist and underinsured motorist coverages are offered therein** or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage). Purchase of uninsured motorist and underinsured motorist coverages is optional.
>
> (b) Uninsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles. **The named insured shall be informed that he may reject uninsured motorist coverage by signing the following written rejection form:**
>
> **REJECTION OF UNINSURED MOTORIST PROTECTION**
> By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my

household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

75 Pa. Stat. and Cons. Stat. Ann. § 1731 (emphasis added)

However, "if the policies are excess or umbrella policies, they are not subject to the requirements of the MVFRL." *N. Ins. Co. of New York v. Dottery*, 43 F. Supp. 2d 509, 514 (E.D. Pa. 1998); *see also Been v. Empire*, 2000 PA Super 125 *10 (Pa. Super. 2000) (Vehicle renter was unable to recover underinsured motorist benefits under supplemental liability insurance because it was an excess policy and not a "motor vehicle liability insurance policy" within the meaning of 75 Pa.C.S.A. § 1731). The Empire Excess Policy specifically states that it "provides excess auto liability insurance." ECF No. 10-7 at 5. The Enterprise rental agreement that Plaintiff signed explicitly states that the SLP provides the renter with "minimum financial responsibility limits . . . as outlined in the applicable motor vehicle financial responsibility laws of the state where Vehicle is operated; AND [] excess insurance provided by the insurance policy (SLP charge as shown on Page 1 is for the excess insurance only)." ECF No. 10-6 at 5. Thus, even if Empire had not separately excluded underinsured motorist coverage, it would be excluded from the MVFRL's requirement that it provide underinsured motorist coverage or that it use the written rejection form because it is an excess policy and not subject to the requirements of the MVFRL.

C. Empire Is Not Responsible for Enterprise's Underinsured Motorist Rejection Language

Lastly, Plaintiff attempts to hold Empire responsible for Enterprise's rental agreement, claiming that the rejection of uninsured motorist coverage was improper because "the required signature is listed well before the required rejection language which is put at the very bottom of the page" and "[t]here is uncertainty and confusion as to the signature's application when the renter is forced to sign before the rejection is ever mentioned." ECF No. 14 at 4.

The Enterprise rental agreement provides verbatim the required rejection form language for uninsured motorist coverage. ECF No. 10-6 at 1. Plaintiff cites no law demonstrating that the renter's signature must be at a specific location relative to the required rejection language. Furthermore, 75 Pa.C.S.A. § 1787 requires that a self-insurer, like Enterprise, "[p]rovide uninsured motorist coverage up to the limits set forth in section 1774," but does not require Enterprise to provide *under*insured motorist coverage. Most importantly, Plaintiff does not explain why Empire would be responsible for the language Enterprise uses to allow a renter to reject uninsured or underinsured motorist coverage, when, as shown above, Empire did not, and was not required to, provide underinsured motorist benefits under the Empire Excess Policy.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim is granted. Plaintiff's Complaint is thus dismissed.

BY THE COURT:

DATED: 3-25-2019

CHAD F. KENNEY, JUDGE